JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
The appellant, James Huntsman, Sr., appeals from the judgment issued by the Cuyahoga County Juvenile Court granting permanent custody of the child, James Huntsman, Jr., to the Cuyahoga County Children and Family Services (CCDCFS). For the following reasons, we affirm the decision of the lower court.
The juvenile court conducted a permanent custody proceeding on December 2, 1999. At that time, the father of the child, the appellant, was in attendance and signed a waiver of service. By signing the waiver, appellant acknowledged that he was waiving his right to service of the summons and motion. At the custody proceeding, the appellant requested an attorney and the hearing was continued. The court then gave the appellant notice of when the next permanent custody hearing would take place.
On January 6, 2000, the date of the continued permanent custody hearing, the appellant failed to appear. The judge then continued the case again in an effort to allow the appellant to attend with counsel. The new date for the permanent custody hearing was set for February 2, 2000.
On February 2, 2000, the appellant again failed to appear. After finding that the appellant had been properly served with notice of the permanent custody hearing, pursuant to personal service, the court proceeded with the motion for permanent custody. Based on the undisputed evidence admitted at the custody trial, the court awarded permanent custody of the minor child to CCDCFS.
The appellant filed a timely notice of appeal on March 8, 2000. On May 15, 2000, the appellant filed a motion to remand pursuant to Local R. 4 and a brief in support with the court of appeals in order that the trial court be given the opportunity to rule on the pending motion to vacate the juvenile court's judgment entry, pursuant to Civ.R. 60(B). Appellant's motion to vacate was filed in the juvenile court on the same day the motion to remand was filed. This court granted the motion to remand and ordered that the juvenile court return this matter to the court of appeals by August 1, 2000.
On September 14, 2000, the juvenile court held a hearing on appellant's Civ.R. 60(B) motion. The appellant, with counsel present, argued that the signature on the personal service form was not his and had been forged. The juvenile court continued the matter for further consideration.
On September 19, 2000, appellee filed a motion to dismiss for failure to comply with the remand order. The appellee argued that the juvenile court did not return the case to the court of appeals on or before August 1, 2000 and, therefore, the order had expired. This court denied appellee's motion to dismiss this court's prior order of remand and remanded the case to juvenile court until November 9, 2000. On October 18, 2000, appellant filed a notice of dismissal pursuant to Civ.R. 41 to dismiss the still pending Civ.R. 60(B) motion to vacate. The juvenile court granted the motion and dismissed the appellant's motion to vacate.
In appellant's current appeal before this court, he asserts one assignment of error:
 I. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW, WHEN AN ORDER OF PERMANENT CUSTODY WAS ENTERED AGAINST HIM, DEPRIVING HIM OF ALL PARENTAL RIGHTS TO HIS MINOR CHILD, WITHOUT NOTICE OF THE HEARING OR AN OPPORTUNITY TO BE HEARD.
The appellant alleges that while the docket reflects that the appellant was served with notice of the hearing by a court process server, he never actually received service. Appellant further claims that the signature on the service receipt is a clear forgery. Based on this occurrence, the appellant never attended the permanent custody hearing and was never permitted to put on evidence before the court as to why he should be given custody of his child, James Huntsman, Jr.
The scope of this court's review is based solely on the trial court record. App.R. 9(A) and 12(A)(1)(b) limit a reviewing court's consideration to original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *. App.R. 9(A).
App.R. 12 provides in part:
 (1) On an undismissed appeal from a trial court, a court of appeals shall do all of the following:
 (a) Review and affirm, modify, or reverse the judgment or final order appealed;
 (b) Determine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16, the record on appeal under App.R. 9, and, unless waived, the oral arguments under App.R. 21.
There is nothing in the record to support the claim of forgery made by the appellant, and we cannot decide this appeal on information presented for the first time in a brief on appeal. It is well established that a reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254, citing State v. Ishmail (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500.
Based on the record alone, there is no evidence to suggest that the signature in question is not that of the appellant.
In addition, the appearance docket from the juvenile court shows that on December 2, 1999, appellant voluntarily waived service of summons for the permanent custody hearing. Also found in the record is the journal entry, filed December 21, 1999, stating that appellant signed a waiver of service. In order for notice to be valid and to give the court jurisdiction over the parties, the court must serve the party in question sufficiently before the hearing to give the person to be notified a reasonable time to obtain counsel and prepare for participation in such hearing. In re Frinzi (1949), 152 Ohio St. 164, 177. In this case, the appellant properly waived service at the first permanent custody hearing. Any subsequent service would be gratuitous. Therefore, appellant's sole assignment of error is without merit. Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.
 _______________________________ FRANK D. CELEBREZZE, JR., JUDGE